UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| In re: | ) | Civil Action No.: 4:16-cv-00300-RBH |
| | ) | |
| Legacy Development SC Group, LLC, | ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | **ORDER** |
| | ) | |
| Michelle L. Vieira, Chapter 7 Trustee for | ) | |
| Legacy Development SC Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Richard L. Vice and Dinah B. Vice, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for resolution of the Motion to Withdraw Reference of Adversary Proceeding filed by Defendants Richard L. Vice and Dinah B. Vice. *See* ECF No. 1. Defendants seek to withdraw the reference of Adversary Proceeding No. 14-80082-dd, which is currently pending in the United States Bankruptcy Court for the District of South Carolina ("the Bankruptcy Court"). Plaintiff Michelle L. Vieira—who is the Chapter 7 Trustee for Legacy Development SC Group, LLC ("the Debtor")—opposes the motion. *See* ECF No. 2. Having reviewed the motion, the designated record, and the parties' arguments, the Court denies Defendants' motion for the reasons below.[1]

## Background

This case arises from an adversary proceeding that Plaintiff filed in the Bankruptcy Court against

---

[1] Under Local Civil Rule 7.08 for the District of South Carolina, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court has reviewed the briefs and determined a hearing is unnecessary.

Defendants for breach of contract for failure to make payments on a promissory note ("the Note").[2] The following facts are taken from the record before the Court.

On October 16, 2012, an involuntary petition under Chapter 7 of the United States Bankruptcy Code[3] was filed against the Debtor in the Bankruptcy Court. ECF No. 1-9 at 2. On November 13, 2012, the Bankruptcy Court entered an order for relief and appointed Plaintiff as the trustee. *Id.*

On August 8, 2014, Plaintiff filed Adversary Proceeding No. 14-80082-dd against Defendants in the Bankruptcy Court seeking to enforce the Note. ECF No. 1-4. Defendants timely answered, conceding the underlying facts asserted by Plaintiff but asserting the Note was unenforceable due to the circumstances surrounding Defendants' signing of the Note and real estate purchase agreement.[4] ECF No. 1-5. On October 10, 2014, the parties jointly filed an adversary proceeding report stating, "The single cause of action in this matter is breach of contract. All parties agree that this cause of action is core but that this Court [the Bankruptcy Court] does not have constitutional authority to finally adjudicate." ECF No. 1-6 at ¶ 3.

On October 17, 2014, the Bankruptcy Court entered a scheduling order requiring discovery to conclude on or before January 12, 2015, and dispositive motions to be filed and served on or before January 26, 2015. *See* ECF No. 1-7. Plaintiff filed a timely motion for summary judgment, and on April 6, 2015, the Bankruptcy Court entered an order granting the motion, finding the Note was enforceable, and scheduling a damages hearing. *See* ECF No. 1-9. The Bankruptcy Court held the

---

[2]   As explained below, this Court previously heard an appeal in the related case of *In re Legacy Dev. SC Grp., LLC*, No. 4:15-cv-01966-RBH. The Court's order in that case sets forth the underlying facts relating to the breach of contract claim. *See* ECF No. 1-11 at 2-4.

[3]   11 U.S.C. § 101 *et seq.*

[4]   The Vices also asserted affirmative defenses. ECF No. 1-5.

damages hearing on April 21, 2015, and it entered judgment in favor of Plaintiff on April 23, 2015. *See* ECF No. 1-10.

On May 7, 2015, Defendants filed a timely notice of appeal with the Bankruptcy Clerk, and on May 8, 2015, the Bankruptcy Clerk transmitted the notice to the Clerk of this Court, which docketed the appeal. ECF No. 1-8; *see In re Legacy Dev. SC Grp., LLC*, No. 4:15-cv-01966-RBH. On November 18, 2015, this Court issued an order reversing the Bankruptcy Court's order granting summary judgment for Plaintiff, vacating the judgment against Defendants, and remanding the matter to the Bankruptcy Court for further proceedings. ECF No. 1-11; *see In re Legacy Development SC Group, LLC*, 551 B.R. 209, 211 (D.S.C. 2015).

On December 15, 2015, the Bankruptcy Court held a status conference during which it confirmed that (a) Defendants had not consented to the Bankruptcy Court entering a final order in the Adversary Proceeding, and that (b) Defendants agreed to withhold filing any motion to withdraw the reference until Plaintiff's time to appeal this Court's decision expired on December 18, 2015. ECF No. 1 at 3. The Bankruptcy Court issued a scheduling order setting December 31, 2015, as the deadline for filing a motion to withdraw the reference in the absence of an appeal. ECF No. 1-12. Plaintiff did not appeal, and on December 31, 2015, Defendants filed the instant motion asking this Court to exercise its discretion to permissively withdraw the reference of the Adversary Proceeding from the Bankruptcy Court. ECF No. 1. Plaintiff filed a response opposing withdrawal on January 14, 2016. ECF No. 2.

## **Discussion**

United States district courts have original jurisdiction over all bankruptcy cases and related proceedings. 28 U.S.C. §§ 1334(a), (b). However, the district court may decide that any or all bankruptcy cases and related proceedings should be referred to Bankruptcy Judges, *see* 28 U.S.C.

§ 157(a), and the District Court for the District of South Carolina has by local rule automatically referred "to the bankruptcy judges for this district all cases under Title 11 [the Bankruptcy Code] and all proceedings arising under Title 11 or arising in or related to a case under Title 11." Local Civ. Rule 83.IX.01 (D.S.C.). Even so, the district court retains the discretionary authority to withdraw a reference to the Bankruptcy Court: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[5] This is known as a "permissive" or "discretionary" withdrawal of reference. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 482 (4th Cir. 2015); *In re First Nat'l Bancshares, Inc.*, No. 7:12-3441-TMC, 2014 WL 108372, at *2 (D.S.C. Jan. 10, 2014). The party seeking permissive withdrawal bears the burden of demonstrating cause. *Vieira v. AGM, II, LLC*, 366 B.R. 532, 535 (D.S.C. 2007) (citing *In re U.S. Airways Grp., Inc.*, 296 B.R. 673, 677 (E.D. Va. 2003)). "The district court has broad discretion in deciding whether reference should be withdrawn for cause shown." *Albert v. Site Mgmt., Inc.*, 506 B.R. 453, 455 (D. Md. 2014).

In this case, Defendants contend sufficient cause exists for the Court to permissively withdraw the reference of the Adversary Proceeding. ECF No. 1 at 3. "Although the Fourth Circuit has not

---

[5] In full, § 157(d) provides:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphases added). The first sentence (containing the word "may") in § 157(d) is often referred to as permissive withdrawal, while the second sentence (containing the word "shall") is often referred to as mandatory withdrawal. *See, e.g.*, *Vieira v. AGM, II, LLC*, 366 B.R. 532, 535 (D.S.C. 2007); *In re U.S. Airways Grp., Inc.*, 296 B.R. 673, 677 (E.D. Va. 2003). In the instant case, Defendants move to withdraw the reference only on permissive grounds, so the Court properly confines its analysis to the first sentence in § 157(d).

4

enumerated the factors to consider when determining whether 'cause' has been shown, other circuits are in 'substantial agreement on the factors that should be weighed in considering a discretionary withdrawal of reference.'" *Vieira*, 366 B.R. at 537-38 (quoting *U.S. Airways*, 296 B.R. at 681). Those factors are: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *Id.* "[D]iscretionary withdrawal of reference should be determined on a case-by-case basis by weighing all the factors presented in a particular case, including the core/non-core distinction." *Id.* at 538.

The parties have briefed each of the six factors in substantial detail. *See* ECF No. 1 at 4-10; ECF No. 2 at 3-11. Having considered the parties arguments and independently examined each factor, the Court declines to withdraw the reference.

### 1.     **Core Versus Non-Core**

Section 157(b)(1) gives a bankruptcy court authority to "hear and determine all cases under title 11 and all **core** proceedings arising under title 11, or arising in a case under title 11," subject to appellate review by the district court under § 158.[6]  28 U.S.C. § 157(b)(1) (emphasis added). In a proceeding that is not "core" but otherwise related to a case under Title 11, the bankruptcy court can only submit proposed findings of fact and conclusions of law to the district court: "any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and

---

[6]     Section 157(b)(2) provides a non-exclusive list of "core" proceedings.

5

specifically objected."[7]  28 U.S.C. § 157(c)(1).

Two recent United States Supreme Court cases essentially modified the general rule set forth in § 157(b) regarding the power of the bankruptcy courts over core proceedings: *Stern v. Marshall*, 564 U.S. 462 (2011), and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014).  In *Stern*, which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held bankruptcy courts do not have *constitutional* authority to enter final judgments in certain core proceedings, despite their *statutory* authority to adjudicate those matters under § 157(b).  *See id.* at 469, 482-84, 503.  This is the case when "a suit is made of the stuff of the traditional actions at common law tried by the courts at Westminster in 1789, and is brought within the bounds of federal jurisdiction," because "the responsibility for deciding that [type of] suit rests with Article III judges in Article III courts."  *Id.* at 484 (internal quotation marks and citation omitted).  In other words, "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."  *Id.* at 499.

> *Stern* has therefore affected the first factor in determining whether to allow permissive withdrawal of the reference—whether the proceeding is core or non-core.  [A]fter *Stern*, one can still [consider the applicable factors] but not looking at whether the matter can be classified as core under 28 U.S.C. § 157, but rather at whether, under *Stern*, the [b]ankruptcy [c]ourt has the final power to adjudicate it.[8]

*ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A.*, No. 5:12-CV-361-BO, 2012 WL

---

[7]    "There is one statutory exception to this rule: If all parties "consent," the statute permits the bankruptcy judge "to hear and determine and to enter appropriate orders and judgments" as if the proceeding were core. § 157(c)(2)."  *Arkison*, 134 S. Ct. at 2172.  In the instant case, the parties do not consent to a final adjudication by the Bankruptcy Court.

[8]    "Prior to *Stern*, the determination of whether a matter was core or non-core was a comparatively simple one and was governed by 28 U.S.C. § 157(b)(1), which accords to bankruptcy judges the authority to 'hear and determine' all core proceedings that 'arise under title 11' or in a case brought under title 11."  *Blue Cross & Blue Shield of N. Carolina v. Jemsek Clinic, P.A.*, 506 B.R. 694, 697 (W.D.N.C. 2014).

6

8667572, at *2 (E.D.N.C. Sept. 28, 2012) (alterations in original) (internal quotation marks omitted).

Although *Stern* made clear that some claims labeled by Congress as "core" may not be adjudicated by a bankruptcy court in the manner contemplated by § 157(b), it did not address how the bankruptcy court should proceed under those circumstances. The Supreme Court resolved this uncertainty in *Arkison*, holding "that when, under *Stern*'s reasoning, the Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related claim, the relevant statute [§ 157(c)] nevertheless permits a bankruptcy court to issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court." 134 S. Ct. at 2168; *see Moses v. CashCall, Inc.*, 781 F.3d 63, 70 (4th Cir. 2015) ("When a bankruptcy court is faced with a claim that is *statutorily* core but *constitutionally* non-core—a so-called '*Stern* claim'—it must treat the claim as if it were statutorily non-core, submitting proposed findings of fact and conclusions of law to the district court for *de novo* review." (citing *Arkison*, 134 S. Ct. at 2173)).[9]

The parties agree the Adversary Proceeding is a core proceeding **but** that, pursuant to *Stern*, the Bankruptcy Court lacks constitutional authority to enter final judgment on Plaintiff's state law claim for breach of contract. *See* ECF No. 1 at 6; ECF No. 2 at 4, 10; *see also* ECF No. 1-6 at ¶ 3. However, the parties disagree as to whether the core/non-core factor favors withdrawal. Defendants argue the fact that the Bankruptcy Court lacks constitutional authority to issue a final order strongly favors withdrawal, whereas Plaintiff contends the Bankruptcy Court still has jurisdiction to hear the matter and submit proposed findings of fact and conclusions of law. *Compare* ECF No. 1 at 6, *with* ECF No. 2 at 5.

---

[9] Post-*Stern*, the Supreme Court has also held "that Article III permits bankruptcy courts to decide *Stern* claims submitted to them by consent." *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1949 (2015). As noted above, the parties do not consent to a final adjudication by the Bankruptcy Court.

7

Although the Bankruptcy Court lacks constitutional authority to issue a final judgment in Plaintiff's "core" proceeding, and therefore the core/non-core factor likely weighs in favor of withdrawal,[10] the Court is not inclined to withdraw the reference simply for this reason. As explained above, even when a bankruptcy court cannot enter final judgment on a *Stern* claim (that is, a *statutorily* core but *constitutionally* non-core claim), the bankruptcy court can still treat the claim as if it were statutorily non-core and submit proposed findings of fact and conclusions of law to the district court for de novo review. *See Arkison*, 134 S. Ct. at 2168; *Moses*, 781 F.3d at 70. In any event, the Court finds the remaining five factors conclusively weigh in favor of not withdrawing the reference.

### 2. Remaining Factors[11]

Regarding the second, third, and fourth factors, Defendants argue withdrawal would not affect uniform administration of the bankruptcy proceedings, would foster judicial economy, and would be an efficient use of the debtors' and creditors' resources because the Bankruptcy Court can only make proposed findings of fact and conclusions of law, which this Court will then have to review de novo. ECF No. 1 at 6-9. Even though the Bankruptcy Court cannot enter a final judgment, Defendants' argument is unpersuasive. Other courts presented with the same argument have flatly rejected it:

> Although [the movant] argues that the entitlement to *de novo* review would make the bankruptcy court determination "superfluous," that line of reasoning would prevent any non-core matter from ever being

---

[10] The Court recognizes other courts have ruled that when a bankruptcy court lacks constitutional authority to issue a final judgment, the core/non-core factor weighs in favor of withdrawal of the reference. *See, e.g., In re Madison Bentley Assocs., LLC*, No. 16 Civ. 1083 (GBD), 2016 WL 5793990, at *3 (S.D.N.Y. Sept. 27, 2016); *Residential Funding Co., LLC v. UBS Real Estate Sec., Inc.*, No. 14 CIV. 03039 GBD, 2015 WL 1062264, at *4 (S.D.N.Y. Mar. 6, 2015); *Blue Cross*, 506 B.R. at 698; *ACC Retail*, 2012 WL 8667572, at *3. Significantly, the district court in each of these cited cases determined other factors weighed *against* withdrawal.

[11] The remaining factors for permissive withdrawal are: the uniform administration of bankruptcy proceedings, expediting the bankruptcy process and promoting judicial economy, the efficient use of debtors' and creditors' resources, the reduction of forum shopping, and the preservation of the right to a jury trial. *Vieira*, 366 B.R. at 537-38.

8

> referred to the bankruptcy court. Without more, this argument carries little if any, weight in favor of withdrawal. . . . While it is true that, on the objection of the party, the district court must review *de novo* any determination by the bankruptcy judge on a non-core matter, *see* 28 U.S.C. § 157(c)(1), it is equally true that [the bankruptcy judge] has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance.

*Albert*, 506 B.R. at 460 (alterations and omission in original) (quoting *In re H & W Motor Express Co.*, 343 B.R. 208, 215 (N.D. Iowa 2006)); *see also Vieira*, 366 B.R. at 540 ("[E]ven if the district court must review some issues decided by the Bankruptcy Court de novo, such a review is not, in the court's opinion, a waste of judicial resources."). The Court concurs with the reasoning in these cases.

Moreover, Congress has authorized district courts to refer "any or all" bankruptcy proceedings—both core and non-core—to the bankruptcy courts, *see* 28 U.S.C. § 157, and the District of South Carolina has by local rule automatically referred all bankruptcy proceedings to the Bankruptcy Court. *See* Local Civ. Rule 83.IX.01 (D.S.C.). Significantly, following the *Stern* decision, the Chief Judge of this District issued a standing order allowing the Bankruptcy Court to hear core proceedings over which it lacks constitutional authority to enter final judgment; this standing order provides:

> Pursuant to 28 U.S.C. Section 157(a), and through Local Civil Rule 83.IX.01, *Referral to Bankruptcy Judges*, this Court has referred any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for this district.
>
> **If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under Local Civil Rule 83.IX.0l and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court.** The district court may treat any order of the bankruptcy court as proposed findings of fact

9

>and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

*Standing Order Concerning Title 11 Proceedings Referred Under Local Civil Rule 83.IX.01, Referral to Bankruptcy Judges*, Misc. No. 3:13-mc-00471-TLW (D.S.C. Dec. 5, 2013) (emphasis added).

Thus, there exists a strong legislative and judicial presumption that even non-core claims can be heard by the bankruptcy court (and later adjudicated by the district court) unless cause is shown for withdrawal of reference. *See Houck*, 791 F.3d at 481 ("[W]hile the district courts were given jurisdiction over bankruptcy cases, Congress also delegated to the bankruptcy courts, as judicial officers of the [district courts], adjudicatory authority, subject to the district courts' supervision as particularized in § 157 and the limits imposed by the Constitution." (second alteration in original) (internal quotation marks and citation omitted)). The mere fact that the Bankruptcy Court is constitutionally limited to making proposed findings of fact and conclusions of law, rather than entering a final judgment, does not weigh in favor of withdrawal. *See Arkison*, 134 S. Ct. at 2170 ("[W]hen a bankruptcy court is presented with [a *Stern*] claim, the ***proper course*** is to issue proposed findings of fact and conclusions of law. The district court will then review the claim *de novo* and enter judgment. This approach accords with the bankruptcy statute and does not implicate the constitutional defect identified by *Stern*." (emphasis added)); *id.* at 2173 ("The bankruptcy court ***should hear the proceeding*** and submit proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of judgment." (emphasis added)). Thus, the Bankruptcy Court can issue proposed findings of facts and conclusions of law for submission to this Court, which will conduct a de novo review of the Bankruptcy Court's recommendation and enter final judgment, consistent with the Supreme Court's instructions in *Arkinson*.

Defendants make a related argument that this case presents a unique scenario where this Court is already familiar with the factual underpinnings of the Adversary Proceeding because it previously heard Defendants' appeal. ECF No. 1 at 8. While the Court may be acquainted with the Adversary Proceeding, the Bankruptcy Court is at least as, if not more, familiar with not only the Adversary Proceeding itself but also with the entire bankruptcy case as a whole.[12] The procedural posture of this case—a grant of summary judgment by the bankruptcy court, an appeal to the district court, and the district court's reversal and remand to the bankruptcy court—is somewhat analogous to a situation where the United States Court of Appeals for the Fourth Circuit reverses a district court's grant of summary judgment and remands it to the *same* district court for further proceedings.[13] Furthermore, if the Court were to countenance withdrawal in this case, such a decision would have broader implications throughout this District and create the undesirable scenario where a successful appellant would be inclined to forum shop and move for withdrawal upon remand, thereby forestalling the proceedings even further and undermining the automatic referral process utilized in this District for years. *See Sharif*, 135 S. Ct. at 1938 ("Congress has . . . authorized the appointment of bankruptcy and magistrate judges, who do not enjoy the protections of Article III, to assist Article III courts in their work. The number of magistrate and bankruptcy judgeships exceeds the number of circuit and district judgeships. And it is no exaggeration to say that without the distinguished service of these judicial colleagues, the work of the federal court system would grind nearly to a halt." (internal footnote

---

[12]     Plaintiff explains the Bankruptcy Court has presided over matters related to the underlying bankruptcy since 2012, including four adversary proceedings and fourteen other settlements. ECF No. 2 at 11. Plaintiff further notes the instant Adversary Proceeding is the last remaining issue being litigated. *Id.* These facts weigh in favor of uniform administration.

[13]     Defendants have not cited any cases with a procedural posture comparable to the instant case (i.e., where an appeal was previously taken to the district court and where the prevailing appellant subsequently moved for withdrawal on remand).

omitted)). In summary, the factors of uniform administration, judicial economy, efficiency, and forum shopping weigh against withdrawal and in favor of retention.

The final factor—the preservation of a right to a jury trial—clearly disfavors withdrawal because, as Defendants concede, they are not entitled to a jury trial. ECF No. 1 at 9-10; *see First Nat'l Bancshares*, 2014 WL 108372, at *5 & n.5 (indicating the lack of a right to a jury trial "weighs against withdrawing the reference").

Having considered all six factors pertaining to the permissive withdrawal procedure, the Court finds Defendants have not demonstrated cause warranting withdrawal of the Adversary Proceeding. Accordingly, the Court declines to exercise its discretion to withdraw the reference.

## Conclusion

The Court has thoroughly reviewed the entire record, the parties' arguments, and the applicable law. For the foregoing reasons, the Court **DENIES** Defendants' Motion to Withdraw Reference of Adversary Proceeding [ECF No. 1]. The Court **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**

Florence, South Carolina  
December 16, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge